IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATE OF AMERICA                                          PLAINTIFF

VS.                          CASE NO. 1:99-CR-10009-001

TERRY DAVIS                                                      DEFENDANT

## **ORDER**

Before the Court is Defendant Terry Davis's Motion for Reconsideration of Court's Order and Simultaneously for Rule 60(b)(4) and/or Relief from Section 2255 Judgment. (ECF No. 182). The Government has filed a response. (ECF No. 183). Davis has filed a reply. (ECF No. 184). The Court finds this matter ripe for consideration.

An overview of the procedural history of this case and Davis's past filings is necessary in order to address the present motion. On September 8, 2000, Davis was sentenced to 20 years imprisonment based on his conviction for Conspiracy to Distribute Cocaine Base. (ECF Nos. 83-85). On May 2, 2002, Davis filed a petition pursuant to 28 U.S.C. § 2255 requesting that the Court vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel. (ECF No. 101). That petition was denied (ECF No. 133), and Davis's Motion for Certificate of Appealability (ECF No. 134) was denied by this Court and the Eight Circuit Court of Appeals. (ECF Nos. 140 & 143).

On August 11, 2003, Davis filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 136). That motion was denied and dismissed because Davis had not received permission to file a successive § 2255 petition from the Eighth Circuit Court of Appeals. (ECF No. 145).

On September 8, 2005, Davis filed a Motion for Relief from Judgment Pursuant to Federal

Rule of Civil Procedure 60(b). (ECF No. 147). Davis argued for the first time that his counsel failed to contest the validity of a prior Louisiana state court conviction which was used to enhance his federal sentence. Davis maintained that he had been fully pardoned as to the Louisiana conviction, thereby making the sentencing enhancement invalid. The Court construed Davis's Rule 60(b) motion as a second or successive § 2255 petition made without authorization from the Eighth Circuit Court of Appeals. Accordingly, Davis's motion was denied. (ECF No. 152; *Davis v. United States of America*, Case No. 1:05-cv-1078, ECF No. 2). Davis's Motion for Certificate of Appealability was denied by this Court and the Eighth Circuit Court of Appeals. (ECF Nos. 161 & 181).

On January 5, 2010, Davis filed the present motion. Much like his previous motions, Davis requests a correction or modification of the Court's previous order denying his § 2255 petition which was filed in May 2002. Davis argues for the first time that his Louisiana state court conviction was for "attempted drug possession" rather than actual drug possession and that this distinction should result in the removal of the enhancement that was applied to his federal sentence.

While Davis frames his motion as one falling under Federal Rule of Civil Procedure 60(b), he is requesting that this Court consider an additional claim, attacking the validity of his sentence, that was not raised in his previous § 2255 petition. This is clearly an attempt to file a second or successive petition for post-conviction relief. Absent authorization from the Eighth Circuit Court of Appeals, a district court lacks jurisdiction to consider a Rule 60(b) motion that amounts to a successive § 2255 petition. *See* 28 U.S.C. § 2244(b)(3); *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002) ("If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of

Appeals."). Davis admittedly has not obtained authorization from the Eighth Circuit to file a successive petition. Accordingly, this Court does not have jurisdiction to consider the motion.

For the reasons stated above, Davis's petition should be and hereby is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Davis may re-file his petition if he obtains permission from the Eighth Circuit Court of Appeals.

After filing the present Rule 60 motion, Davis filed multiple supplemental pleadings which have been docketed as pending motions. (ECF Nos. 185-186,188-189). Each of these supplements relates to the Rule 60 motion. The first supplement provided the Court with further argument relating to errors that Davis claims were made by probation officers during the preparation of his Presentence Report. (ECF No. 185). The second, third, and fourth supplements are letters addressed to the Court inquiring about the status of Davis's Rule 60 motion. (ECF Nos. 186, 188-189). The Court has considered each of these supplemental pleadings. Because action has now been taken on Davis's Rule 60 motion, the clerk is directed to terminate the pending motions that relate to these supplements. (ECF Nos. 185-186, 188-189).

IT IS SO ORDERED, this 8th day of January, 2013.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge